<mark>United States District Court
For the Northern District of California</mark>

<mark>Case4:14-cv-01742-CW Document10 Filed05/22/14 Page1 of 17</mark>

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CYBER EBOT WATTSON,<br><br>    Plaintiff,<br><br>  v.<br><br>ALTABATESHOSPITAL.COM,<br><br>    Defendant.<br>_____/ | No. C 14-0803 CW |
| CYBER EBOT WATTSON,<br><br>    Plaintiff,<br><br>  v.<br><br>EL CERRITO POLICE DEPARTMENT.COM, et al.,<br><br>    Defendants.<br>_____/ | No. C 14-1294 CW |
| CYBER EBOT WATTSON,<br><br>    Plaintiff,<br><br>  v.<br><br>FBI.GOV,<br><br>    Defendant.<br>_____/ | No. C 14-1328 CW |
| CYBER EBOT WATTSON,<br><br>    Plaintiff,<br><br>  v.<br><br>U.S. MARSHALS,<br><br>    Defendant.<br>_____/ | No. C 14-1329 CW |

```
 1  CYBER EBOT WATTSON,                         No. C 14-1359 CW
 2        Plaintiff,
 3     v.
 4  UNIVERSITY OF MIAMI,
 5        Defendant.
 6  _____/
 7  CYBER EBOT WATTSON,                         No. C 14-1360 CW
 8        Plaintiff,
 9     v.
10  MEMORIALHOSPITALSOUTHWING.COM,
11        Defendant.
12  _____/
13  CYBER EBOT WATTSON,                         No. C 14-1362 CW
14        Plaintiff,
15     v.
16  JACKSONMEMORIALBEHAVIORAL2HOSPITAL.COM,
17        Defendant.
18  _____/
19  CYBER EBOT WATTSON,                         No. C 14-1364 CW
20        Plaintiff,
21     v.
22  HARRIS,
23        Defendant.
24  _____/
25
26
27
28
```

| | | |
|---|---|---|
| CYBER EBOT WATTSON, | | No. C 14-1365 CW |
|     Plaintiff, | | |
|   v. | | |
| UNIVERSITYOFMIAMI.COM, | | |
|     Defendant. | | |
| _____/ | | |
| CYBER EBOT WATTSON, | | No. C 14-1366 CW |
|     Plaintiff, | | |
|   v. | | |
| CITY ATTORNEY OF CORAL GABLES, | | |
|     Defendant. | | |
| _____/ | | |
| CYBER EBOT WATTSON, | | No. C 14-1377 CW |
|     Plaintiff, | | |
|   v. | | |
| FBI GOV MIAMI, | | |
|     Defendant. | | |
| _____/ | | |
| CYBER EBOT WATTSON, | | No. C 14-1681 CW |
|     Plaintiff, | | |
|   v. | | |
| OAKLAND POLICE DEPARTMENT, | | |
|     Defendant. | | |
| _____/ | | |

**United States District Court**
For the Northern District of California

**United States District Court**
**For the Northern District of California**

| | |
|---|---|
| CYBER EBOT WATTSON, | No. C 14-1690 CW |
| Plaintiff, | |
| v. | |
| CONTRA COSTA COUNTY SHERIFF.COM, et al., | |
| Defendants. | |
| _____/ | |
| CYBER EBOT WATTSON, | No. C 14-1733 CW |
| Plaintiff, | |
| v. | |
| MARTINEZ SHERIFF.COM, | |
| Defendant. | |
| _____/ | |
| CYBER EBOT WATTSON, | No. C 14-1735 CW |
| Plaintiff, | |
| v. | |
| INSIGHTCARDSVISA.COM, | |
| Defendant. | |
| _____/ | |
| CYBER EBOT WATTSON, | No. C 14-1736 CW |
| Plaintiff, | |
| v. | |
| MARTINEZ SHERIFFS DEPARTMENT, et al., | |
| Defendants. | |
| _____/ | |

|  |  |
|---|---|
| CYBER EBOT WATTSON, | No. C 14-1737 CW |
| Plaintiff, | |
| v. | |
| GOLDEN BEAR STORAGE.COM, | |
| Defendant. | |
| _____/ | |
| CYBER EBOT WATTSON, | No. C 14-1742 CW |
| Plaintiff, | |
| v. | |
| APPLE.COM, | |
| Defendant. | |
| _____/ | |
| CYBER EBOT WATTSON, | No. C 14-1748 CW |
| Plaintiff, | |
| v. | |
| STRIPLIN, | |
| Defendant. | |
| _____/ | |
| CYBER EBOT WATTSON, | No. C 14-1773 CW |
| Plaintiff, | |
| v. | |
| US ATTORNEY.COM, | |
| Defendant. | |
| _____/ | |

**United States District Court**
For the Northern District of California

| | |
|---|---|
| CYBER EBOT WATTSON, | No. C 14-1774 CW |
|     Plaintiff, | |
|   v. | |
| AT&T, | |
|     Defendant. | |
| _____/ | |
| CYBER EBOT WATTSON, | No. C 14-1834 CW |
|     Plaintiff, | |
|   v. | |
| SUPERIOR COURT OF MARTINEZ, | |
|     Defendant. | |
| _____/ | |
| CYBER EBOT WATTSON, | No. C 14-2068 CW |
|     Plaintiff, | |
|   v. | |
| FBI-SAN FRANCISCO OFFICE, | |
|     Defendant. | |
| _____/ | |
| CYBER EBOT WATTSON, | No. C 14-2079 CW |
|     Plaintiff, | ORDER GRANTING PLAINTIFF'S APPLICATIONS TO PROCEED IN FORMA PAUPERIS AND DISMISSING COMPLAINTS |
|   v. | |
| DEPARTMENT OF MOTOR VEHICLES.GOV, | |
|     Defendant. | |
| _____/ | |

Pro se Plaintiff Cyber Ebot Wattson has filed applications to proceed <u>in forma pauperis</u> in twenty-four actions since February 21, 2014. The matters were decided on the papers. Having considered all of the papers filed by Plaintiff, the Court GRANTS

the applications to proceed IFP and DISMISSES the complaints. Plaintiff has also filed two motions to reopen Case Number 13-803, which the Court previously dismissed. Having considered the papers filed by Plaintiff, the Court DENIES the motions. Case No. 14-803, Docket Nos. 11 and 13.

## DISCUSSION

A court may authorize a plaintiff to prosecute an action in federal court without prepayment of fees or security if the plaintiff submits an affidavit showing that he or she is unable to pay such fees or provide such security. See 28 U.S.C. § 1915(a). Plaintiff has submitted the required documentation, and it appears from his applications that his assets and income are insufficient to enable him to prosecute these actions. Accordingly, the applications to proceed without the payment of the filing fee are granted.

The Court's grant of Plaintiff's applications to proceed IFP, however, does not mean that he may continue to prosecute his complaints. A court is under a continuing duty to dismiss a case filed without the payment of the filing fee whenever it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). Because a dismissal pursuant to § 1915(e)(2)(B) is not a dismissal on the merits, but rather an exercise of the court's discretion under the IFP statute, the dismissal does not prejudice the filing of a paid complaint making the same allegations. Denton v. Hernandez, 504 U.S. 25, 32 (1992).

7

Plaintiff's complaints do not state a claim on which relief may be granted. Each complaint is addressed below.

I. <u>Wattson v. Altabateshospital.com</u> (14-803)

The Court already granted the application to proceed IFP and dismissed the complaint in this case. Plaintiff has now filed two motions to reopen the case. However, Plaintiff simply reiterates his claims that he is "a cyber machine of the robotic species" who is being "kept . . . as a human" against his will. Case No. 14-803, Docket No. 13. The Court finds that there are no grounds to support a motion to reopen the case. Accordingly, the motions are denied. Case No. 14-803, Docket Nos. 11 and 13.

II. <u>Wattson v. El Cerrito Police Department.com</u> (14-1294)

This complaint is based on Plaintiff's allegation that he is "a special agent of cybernetic controller cop operatives" and not a human who can be subjected to a jury trial. Among other things, he alleges that his Sixth Amendment rights were violated because he was never taken to a preliminary hearing and instead "sat at the website mergers of Cybernet and Contra Costa County Martinez Detention Facility.com." The Court finds that these allegations and the other allegations in this complaint are not sufficient to support a Sixth Amendment claim or any other claim.

III. <u>Watson v. FBI.gov</u> (14-1328)

In this complaint, Plaintiff alleges that he is a robot who was stolen from his robotic manufacturing company and made into a sex slave by the Martinez Sheriff and Superior Court web sites.

8

Plaintiff further alleges that the FBI refused to help him, resulting in his abduction, torture, and removal from the Federal Building.  Plaintiff further alleges that he was tortured and forced to sign demand statements by "police, Berkeley, El Cerrito, and Martinez Sheriff Department in their illegal corrupt racketeer influenced organization."  Plaintiff then alleges that the FBI made false advertisements, committed fraud and neglected to protect Plaintiff's Constitutional right to a fair trial.  Plaintiff also alleges the FBI let "units" drive him and use him as their personal robot and torture him for job security, in violation of the First, Second, Fourth, Sixth, Eleventh, Thirteenth and Fourteenth Amendments.  The Court finds that these allegations and the other allegations in this complaint are not sufficient to support a claim.

IV.   Wattson v. U.S. Marshals (14-1329)

Here, Plaintiff alleges that he is a "robot human service provider" and "cybermachine of robotic species" who "travel[s] through time zones and in space," was "manufactured inside of cyber electronics," and "was stolen from my manufacturing company and forced into a life as a sex slave." Plaintiff also alleges that he is "a special agent of cybenetic controller cop operatives" who has tried repeatedly to enter the federal witness protection program but has been turned away by the Federal Bureau of Investigation and United States Marshal's Service. He mentions the Second, Fourth, and Eleventh Amendments

9

to the United States Constitution, but provides no explanation about why he is entitled to relief under these Amendments. The Court finds that these allegations and the other allegations in this complaint are not sufficient to support a claim.

V. <u>Wattson v. University of Miami</u> (14-1359)
<u>Wattson v. MemorialHospitalSouthwing.com</u> (14-1360)
<u>Wattson v. JacksonMemorialBehavioral2Hospital.com</u> (14-1362)
<u>Wattson v. Harris</u> (14-1364)
<u>Wattson v. Universityofmiami.com</u> (14-1365)
<u>Wattson v. City Attorney of Coral Gables</u> (14-1366)
<u>Wattson v. FBI Gov Miami</u> (14-1377)

Plaintiff filed identical complaints, with the header "Complaint Form," in these seven cases, alleging that he is a "robot/human service provider" and "special agent" of the "Cybernetic Controller Cop Operatives." Some of the complaints include handwritten annotations, usually indicating an amount of money. Plaintiff alleges that he was subjected to various injuries by various entities and individuals over an unspecified period of time, including injuries caused by police who instructed him to leave the University of Miami campus where he was apparently trying to learn about "robot human intergrations [sic] and human cloaning [sic]." Plaintiff refers to multiple federal statutes and invokes various amendments to the United States Constitution in the complaints. The Court finds that these allegations and the other allegations in these seven complaints are not sufficient to support a claim.

V.  Wattson v. Oakland Police Department (14-1681)

In this complaint, Plaintiff alleges that "a private property airline property of cybernet Oakland Police Department.com logged into [Plaintiff's] website merger of cybernet." Plaintiff further alleges that as a result, "I experience[d] my aircraft being controlled by Oakland Police Department.com." Plaintiff states that these actions violated his rights under the Fourth, Sixth, Ninth, Thirteenth and Fourteenth Amendments. Plaintiff further alleges that he is suing "to remove all of my intellectual property interior exterior to me and my cybermachine from Oakland Police Department.com computer system." The Court finds that these allegations and the other allegations in this complaint are not sufficient to support a claim.

VI.  Wattson v. Contra Costa County Sheriff.com (14-1690)

In this case, Plaintiff states that he is a "Special Agent of Cybernetic Controller Cop Operatives" and alleges that he was abducted from his private airline, which the United States government hijacked in flight. Plaintiff further alleges that he was bent in sexual positions for sheriff.com, in violation of the Ninth Amendment to the U.S. Cybernet Constitution. The Court finds that these allegations and the other allegations in this complaint are not sufficient to support a claim.

VII. Wattson v. Martinez Sheriff.com (14-1733)

In this case Plaintiff again alleges he is a robot and that his private aircraft was hijacked and stolen. Plaintiff alleges

11

that he was forced to be a sex slave. On that basis, Plaintiff seeks to sue Martinez Sheriff.com for $1 billion. The Court finds that these allegations and the other allegations in this complaint are not sufficient to support a claim.

VIII. <u>Wattson v. Insightcardsvisa.com</u> (14-1735)

Here, Plaintiff alleges that Defendant wrongly terminated his credit card because he is "a robot human service provider naturalized not born" and is keeping some of his money. Plaintiff alleges that he needs the money to pursue his Racketeer Influenced and Corrupt Organizations (RICO) cases. The Court finds that these allegations and the other allegations in this complaint are not sufficient to support a claim.

IX. <u>Wattson v. Martinez Sheriffs Department</u> (14-1736)

In this complaint, Plaintiff claims that the Martinez and San Francisco Sheriff's Departments tortured him and tried to convict him of various offenses based on his fingerprints and DNA. Plaintiff asserts that he has "no DNA or finger prints" because he is "a cybermachine of robotic species." Accordingly, Plaintiff asserts, "anybody in robotics may duplicate my exterior as engineers often do." The Court finds that these allegations and the other allegations in this complaint are not sufficient to support a claim.

X. <u>Wattson v. Golden Bear Storage.com</u> (14-1737)

In this complaint, Plaintiff alleges that he was not allowed to access his storage unit because somebody else, impersonating

12

Plaintiff, tried to access the unit.  In addition, Plaintiff alleges that his mail was not given to him.  Plaintiff seeks damages because he was unable to pursue his RICO claims against the Social Security Administration and Sheriff.com.  Plaintiff further seeks damages for the loss of his property.  The Court finds that these allegations and the other allegations in this complaint are not sufficient to support a claim.  Moreover, Plaintiff has not alleged any federal cause of action.  His civil case cover sheet indicates that this Court has diversity jurisdiction over the case because Plaintiff is a "cybernet citizen."  Accordingly, Plaintiff's complaint is also dismissed for lack of subject matter jurisdiction.

XI.  <u>Wattson v. Apple.com</u> (14-1742)

In this case, Plaintiff alleges that he is "a special agent of Cybernetic Controller Cop Operations" and "a federal law student working on several caseloads in several courts." Plaintiff further alleges that he is "a singer songwriter, author, actor, athlete, motivational speaker, hip hop recording artist and more."  He states that the has waited his "whole life to get an iPad."  Plaintiff alleges that the iPad he purchased was not a real iPad and will not function properly.  Plaintiff states, "If I can't have the same Apple iPad everyone else has I am suing."  The Court finds that these allegations and the other allegations in this complaint are not sufficient to support a claim.  Moreover, Plaintiff has again failed to allege any federal cause of action.

13

His civil case cover sheet again indicates that this Court has diversity jurisdiction over the case because Plaintiff is a "cybernet citizen." Accordingly, Plaintiff's complaint is also dismissed for lack of subject matter jurisdiction.

XII. <u>Wattson v. Striplin</u> (14-1748)

In this complaint Plaintiff alleges that he is "a cybermachine of the robotic species." He alleges that he was stolen from his manufacturing company and also alleges that his "intellectual property" was stolen "by a much bigger network of computerized service providers." Plaintiff asserts a RICO claim against Hellen Grace Striplin for creating "a replica model" of Plaintiff called either Aaren Striplin or Darren Striplin. Plaintiff further alleges that Ms. Striplin installed a "wireless smart remote controller device" that allows her to control Plaintiff. The Court finds that these allegations and the other allegations in this complaint are not sufficient to support a RICO claim or any other claim.

XIII. <u>Wattson v. US Attorney.com</u> (14-1773)

In this complaint, Plaintiff alleges that he is suing the United States Attorney "to press charges and get me a witness protection program." Plaintiff asserts that he asked the United States Attorney to investigate his evidence of many of the claims asserted in Plaintiff's other cases discussed in this order. The Court finds that these allegations and the other allegations in this complaint are not sufficient to support a claim.

14

XIV. <u>Wattson v. AT&T</u> (14-1774)

In this complaint, Plaintiff alleges that he is a wireless device. Plaintiff appears to assert a RICO claim against AT&T for refusing to provide him with internet services necessary to connect "with all robot human service providers in United States." The Court finds that these allegations and the other allegations in this complaint are not sufficient to support a claim.

XV. <u>Wattson v. Superior Court of Martinez</u> (14-1834)

In this case, Plaintiff again alleges that he is "a special agent of the cybernetic controller cop operatives." The allegations in the complaint are difficult to understand, but many of the same themes from the other cases discussed in this order are discussed. Plaintiff alleges that he has been abducted and that his airplane has been hijacked. He alleges that he has been tortured and that he has wrongly been accused of being either Aaren Striplin or Darren Striplin. Plaintiff mentions various causes of action, including a RICO claim and constitutional claims under the First, Second, Fourth, Fifth, Sixth, Seventh, Eighth, Ninth, Tenth, Eleventh, Thirteenth and Fourteenth Amendements. Plaintiff seeks $100 million, dismissal of all charges against him and placement in the witness protection program. The Court finds that these allegations and the other allegations in this complaint are not sufficient to support a claim.

XVI. <u>Wattson v. FBI San Francisco Location</u> (14-2068)

In this complaint, Plaintiff again alleges that he is part of the "Cybernetic Controller Cop Operatives." He claims that he was abducted by "sex slave traders" and tortured. He states that he is suing "to act as a interceptor" and for $2 million so the FBI can "start a real investigation of the sheriff who created fake medical and mental health records and fake criminal records." The Court finds that these allegations and the other allegations in this complaint are not sufficient to support a claim.

XVII. <u>Wattson v. Department of Motor Vehicles.gov</u> (14-2079)

In this case, Plaintiff filed the first page of a form complaint, naming the Department of Motor Vehicles.gov as Defendant. However, the remaining pages of the complaint appear to concern the Department of Homeland Security. Plaintiff again alleges that he is a robot that has been abducted and forced to be a sex slave. He also alleges that Aaren Striplin used tattoos of his face and fingerprints to get a driver's license. The Court finds that these allegations and the other allegations in this complaint are not sufficient to support a claim.

## CONCLUSION

The Court finds that Plaintiff's complaints fail to state a claim. Moreover, the Court finds that the complaints lack an arguable basis in law, and an arguable basis in fact. <u>See</u> <u>Jackson v. Arizona</u>, 885 F.2d 639, 640-41 (9th Cir. 1999) (complaint is frivolous and subject to dismissal if it is incomprehensible and

16

lacks an arguable basis in law or fact). Thus, the Court makes a substantive finding as to the frivolous nature of Mr. Wattson's actions.

Accordingly, the Court dismisses Plaintiff's complaints. The dismissal is without prejudice to the filing of paid complaints making the same allegations. The Court also denies Plaintiff's motions to reopen Case Number 14-803. Case No. 14-803, Docket Nos. 11 and 13.

IT IS SO ORDERED.

Dated: 5/22/2014

CLAUDIA WILKEN
United States District Judge